IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC FILED
NOV 0 8 2007
NOV 08 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO AND REGIONAL COUNCIL OR CARPENTERS APPRENTICE AND TRAINEE PROGRAM FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, TRUSTEES OF THE CHICAGO AND REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM FUND, AND TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM FUND, | |
| Plaintiffs, | CIVIL ACTION |
| v. | 07CV6346 |
| TOLBERTS ROOFING & CONSTRUCTION, INC., And TOLBERTS ROOFING & CONSTRUCTION SERVICES, INC., | JUDGE SHADUR |
| Defendants. | MAGISTRATE JUDGE VALDEZ |

### *COMPLAINT*

Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the Chicago Regional Council of Carpenters Apprentice and Trainee Program Fund, and their respective Trustees (hereinafter, collectively, the "Funds"), by their attorney, Leonard Saphire-Bernstein of Whitfield McGann & Ketterman, complain of the defendants, Tolberts Roofing & Construction, Inc., an Illinois Corporation ("Tolberts" or the "signatory") and Tolberts Roofing & Construction Services, Inc., an Illinois Corporation ("Services"), and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley

Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS (the "Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Funds are located and administered at 12 East Erie Street, Chicago, Illinois and venue is therefore proper in the Northern District of Illinois, Eastern Division.

3. The Defendants Tolberts is and was, at all times relevant to this complaint, an employer engaged in an industry affecting commerce which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement or Agreements which require that defendant Tolbert pay monthly fringe benefit contributions to the Funds for hours worked by the Union's members.

4. The Defendant Tolbert is or was an employer engaged in an industry affecting commerce which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement negotiated between the Union and the Mid-America Regional Bargaining Association ("MARBA") for the period through the time of the facts alleged in this complaint, and to any Collective Bargaining Agreement subsequently negotiated between the Union and MARBA.

5. The Agreement and the Collective Bargaining Agreements also bind Defendant Tolberts to the provisions of the Agreement and Declarations of Trust which created the Trust Funds (the "Trust Agreements").

6. Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant Tolberts is required to make contributions to the Trust Funds for each hour

worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. Furthermore, Defendant Tolberts is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union. In addition, defendant Tolberts is required to supply records documenting the work of any subcontractors it chooses to execute its work, in the absence of a bond posted for such subcontractor.

7. An audit was conducted by agents of the plaintiff. The audit found that the defendant Tolberts had breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon the hours worked by its employees and those of its subcontractors. Defendant Tolberts also failed to supply requested records documenting its work and the work of its subcontractors, as required by the collective bargaining agreement. The amount of contributions owed to the Trust Funds as a consequence of this breach, to the extent this amount can be determined without the requested records, for the period January, 2004 through December, 2006 is $6,040.35. See Exhibit A.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

9. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from defendants.

10. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, defendants are required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

11. Defendants are obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2).

12. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages provided for under the Trust Agreements.

WHEREFORE, Plaintiffs pray:

A. That the Defendant Tolberts be ordered to pay fringe benefit contributions to the Trust Funds in the amount of $6,040.35.

B. That the Defendant Tolberts be ordered to pay double interest or interest plus liquidated damages on the amount that is due.

C. That the Defendant Tolberts be ordered to pay the reasonable attorney and auditor fees and costs incurred by the Plaintiffs.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable, all at the Defendant Tolberts' cost.

COUNT II – ALTER EGO:
PIERCING THE CORPORATE VEIL

1-12. Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 12 of Count I of this complaint by reference as paragraphs 1 through 12 of this Count II.

13. On information and belief, during the time that defendant Tolberts, a signatory to the Agreement (Exhibit B) whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement or Agreements, was a corporation in good standing

with the Secretary of State, another entity, namely Tolberts Roofing & Construction Services, Inc. ("Services") was formed was used by Tolberts as an alter ego and as a mere facade, without respect for the corporation as a separate entity in terms of (a) adequate capitalization of the company; (b) the issuance of stock; (c) the observance of corporate formalities involving financial records and corporate record keeping; (d) the payment of dividends to stockholders; (e) the governance of the corporation through its officers and directors operating through corporate resolutions and meetings based upon by-laws, and (f) generally treating the corporate entity as a sham, charade and fraud.

14.     The corporate veil of defendants Tolbert Roofing & Construction, Inc. and Tolbert Roofing & Construction Services, Inc. ("Services"), disregarded, and Tolberts should not be considered as a separate legal entity from that corporatoin corporations.

15.     During all time relevant to this action, namely between January, 2004 through December, 2006, Services performed activities on behalf of Tolberts and its clients. During this time period, Tolberts, also employed carpenters, and continued to make occasional contributions to the plaintiff Trust Funds, albeit not in the appropriate or adequate amounts required by the collective bargaining agreement and the associated Trust Agreements.

16.     Since its formation, defendant Services has been used by Tolberts as a corporate alter-ego and as a mere facade for Tolberts, without respect for the corporation as a separate entity in terms of (a) adequate capitalization of the company; (b) the issuance of stock; (c) the observance of corporate formalities involving financial records and corporate record keeping; (d) the payment of dividends to stockholders; (e) the governance of the corporation through its officers and directors operating through corporate resolutions and meetings based upon by-laws, and (f) generally treating its and their own corporate status as a sham, charade, and fraud.

17.  The corporate veil of Services should be disregarded, and Tolberts and Services should not be considered as separate legal entities.

18.  Defendant Services is successor to, and a continuer of the business operations of defendant Tolberts, for purposes of collective bargaining and employment matters in that: (a) there exists continuity between the ownership and business operations of the three companies, and (b) the two companies have been treated as one-and-the-same by their owners, operating out of the same location, with the structure and indicia of identity remaining the same.

WHEREFORE, plaintiffs pray:

A. That all defendants (or any successor corporation, or former shareholder, subsequently made a party to this litigation) be required to submit the daily work records all employees, and records of employees of subcontractors, if any, who did work at a jobsite of Tolberts, during the period from January, 2004 through December, 2006;

B. That all defendants (or any successor corporation, or former shareholder, subsequently made a party to this litigation) be ordered to pay fringe benefit contributions to the Trust Funds in the amount of at least $6,040.35;

C. That all defendants (or any successor corporation, or former shareholder, subsequently made a party to this litigation) be required to pay fringe benefit contributions for all hours of work performed by the all employees, and employees of any subcontractors who did work at a jobsite of Tolberts, during the period from January, 2004 through December, 2006;

D. That all defendants (or any successor corporation, or former shareholder, subsequently made a party to this litigation) be ordered to pay interest and liquidated

damages on the amounts owed pursuant to the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. Sec. 1132(g)(2)(C);

E. That all defendants (or any successor corporation, or former shareholder, subsequently made a party to this litigation) be ordered to pay the reasonable attorney fees and audit costs incurred by the plaintiffs, as well as court costs incurred in this matter;

F. That plaintiffs be awarded any further relief as this court may deem just and equitable.

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, et al.

By: _____
Leonard Saphire-Bernstein

Attorneys for Plaintiff
Leonard Saphire-Bernstein
Whitfield McGann & Ketterman
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
312/251-9700